Timothy WARD, Appellant

v.

Stanley TAYLOR; Paul Howard; Thomas Carroll; John Salas; Jessica Davis–Barton; Certain Unknown Individual Employees of the State of Delaware Department of Corrections; States of Delaware Department of Corrections; Paul Harvey

v.

First Correctional Medical
Delaware, LLC.

No. 08–4405.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a). Sept. 30, 2009.

Filed: Oct. 15, 2009.

 

Jeffrey K. Martin, Esq., Martin & Wilson, Wilmington, DE, for Appellant.

Judy O. Hodas, Esq., Jennifer D. Oliva, Esq., Department of Justice, Wilmington, DE, for Stanley Taylor; Paul Howard; Thomas Carroll; John Salas; Jessica Davis–Barton; Paul Harvey.

Daniel L. Mckenty, Esq., Heckler & Frabizzio, Wilmington, DE, for First Correctional Medical Delaware, LLC.

Before: RENDELL, HARDIMAN and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Plaintiff was injured in a sudden, unexpected, and unprovoked attack by Robert Johnson, a fellow inmate at the Delaware Correction Center on July 10, 2004. About one hour earlier, Johnson had directed an emotional outburst at a correctional officer and was taken to the prison infirmary. After examining him, the nurse referred Johnson to the mental health staff for an appointment two days later and released him.

Johnson then went to the recreation yard and assaulted plaintiff, fracturing his facial bones and injuring his eye, nose and teeth. Plaintiff was treated at the emergency room of a nearby hospital and then returned to the prison infirmary that same day. He received dental care and treatment for his other injuries during his incarceration and was released from prison on January 3, 2007.

While still an inmate, plaintiff filed suit under 42 U.S.C. § 1983, naming various correctional officers, medical personnel and the State of Delaware Department of

Corrections as defendants. Among other things, plaintiff alleged violations of the First Amendment for retaliation and of the Eighth Amendment for inadequate medical care, failure to protect, and wrongful policies and procedures.

In March 2006, the District Court dismissed several of the plaintiff's claims, including all those against the Department of Corrections and the individual defendants in their official capacities. Only the Eighth and First Amendment claims remained. The March 2006 order was not appealed. After discovery, the District Court granted summary judgment in favor of the remaining defendants, concluding that plaintiff had failed to establish the claimed violations of the First and Eighth Amendments. There is no need to reiterate the court's comprehensive review.

Plaintiff has appealed the order granting summary judgment and presents multiple arguments for reversal. We will affirm.

■ Initially, plaintiff contends that genuine issues of material fact existed regarding whether defendants Salas and Harvey, both lieutenants at the DDC, were deliberately indifferent to the dangers posed by inmate Johnson and, thus, responsible for his attack. Our review of the record convinces us that the District Court properly found that plaintiff had failed to raise a reasonable inference that Lt. Salas knew of an excessive risk to the plaintiff's safety, and that Lt. Harvey acted reasonably in sending Johnson to the infirmary for observation after his earlier outburst. We further agree that plaintiff failed to raise a genuine issue of fact as to the unreasonableness of Lt. Harvey's actions following Johnson's discharge. As the District Court found, Johnson did not appear dangerous or aggressive upon his release from the infirmary, and he had no history of violence against other inmates generally, or plaintiff in particular, such that Lt. Harvey could or should have pre-

dicted the attack. Therefore, the Court correctly concluded that neither defendant could be found liable for deliberate indifference under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 837, 844–45, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (prison official not liable under Eighth Amendment unless official knew of and disregarded an excessive risk to inmate safety; "prison official[ ] who act[ed] reasonably cannot be found liable under the Cruel and Unusual Punishments Clause").

■ We also reject the plaintiff's second argument that the District Court erred when it granted summary judgment to Lts. Salas and Harvey, as well as "supervisory defendants" Taylor, Howard and Carroll, on the plaintiff's claim of deliberate indifference because of under-staffing and inadequate prison policies and procedures. The Court correctly found that there could be no liability because plaintiff did not challenge any specific policies. *See Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989) ("judgment [cannot] properly be entered against [a defendant] ... based on supervisory liability absent[, among other things,] an identification by [the plaintiff] of a specific supervisory practice or procedure that [the defendant] failed to employ"). Plaintiff also failed to show actual knowledge on the defendants' part. *See Farmer,* 511 U.S. at 842–43, 114 S.Ct. 1970.

■ Plaintiff further contends on appeal that summary judgment was inappropriate because there were genuine issues of material fact concerning the supervisory defendants' responsibility for his allegedly inadequate medical care. However, plaintiff failed to establish that these defendants had denied any reasonable requests for treatment or had any personal involvement in his medical care. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (ex-

plaining that a plaintiff can satisfy the standard for deliberate indifference by demonstrating, among other things, that "prison authorities den[ied] reasonable requests for medical treatment" (quoting *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987))). The District Court also correctly pointed out that *respondeat superior* liability does not exist in the § 1983 context. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (in a successful civil rights suit, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*").

■ Finally, plaintiff asserts that after he complained directly to the governor and news media and filed the instant § 1983 action, the supervisory defendants placed him in the infirmary for a period and later, after an altercation with another inmate, in isolation. Despite the plaintiff's argument to the contrary, we believe that the District Court properly rejected this retaliation claim at summary judgment because plaintiff failed to provide evidence that any of the supervisory defendants were involved in either transfer decision. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001) (prisoner-plaintiff must prove causal link between protected activity and decision to discipline him).

We have, therefore, carefully reviewed the plaintiff's arguments, the record, and the District Court's disposition of this case and find no reversible error. Accordingly, the order of the District Court granting summary judgment will be affirmed.